Dennis G. **KRAEMER** and Constance C. Kraemer, Plaintiffs,

v.

Gary W. **PADGETT**, et al., Defendants.

Civ. A. No. 86–2126–S.

United States District Court,
D. Kansas.

May 8, 1987.

John R. Balhuizen, Elizabeth M. Phelps, Phelps—Chartered, Fred W. Phelps, Topeka, Kan., for plaintiffs.

C. Stanley Nelson, Hampton, Royce, Engleman & Nelson, Salina, Kan., Myron L. Listrom, Ann L. Hoover, Sloan, Listrom, Eisenbarth, Sloan and Glassman, Thomas E. Wright, Kerry M. Gasper, Davis, Wright, Unrein, Hummer & McCallister, Gerald L. Goodell, Goodell, Stratton, Edmonds & Palmer, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motions for summary judgment. Plaintiffs Dennis and Constance Kraemer have brought this action pursuant to 42 U.S.C. § 1983, claiming a deprivation of their first and fourteenth amendment rights and claiming that the defendants attempted to obstruct justice. Plaintiffs also claim a violation of the Racketeer Influenced & Corrupt Organizations Act [hereinafter RICO], 18 U.S.C. § 1961 *et seq.*, and claim various other state law causes of action.

Plaintiffs have filed a motion for an order requiring defendants to file with the court clerk a complete copy of the entire discovery record. The court's reading of *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) does not convince this court that the decision mandates that defendants file a complete copy of the entire discovery record. Rather, the burden is on the plaintiff to provide the court with pleadings, depositions, interrogatories, and other evidence which establishes the existence of elements essential to the plaintiffs' case. All that is required by Rule 56 of the Rules of Federal Procedure is that the moving party file a motion for summary judgment demonstrating absence of a genuine issue of material fact and raising an issue as the absence of one of the elements of the plaintiff's case. The court therefore finds that plaintiffs' motion for an order requiring defendants to file a complete copy of the entire discovery record is meritless and should be denied.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). The language of Rule 56(a) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986).

Rather than reiterating each of the defendants' sets of controverted facts, the court will address the defendants' motions as a whole as they relate to a particular claim. The court will then relate the relevant facts to that alleged cause of action to determine whether plaintiffs have stated a claim for relief.

Plaintiffs have alleged a violation of their first and fourteenth amendment

rights pursuant to 42 U.S.C. § 1983. Plaintiffs also allege that the defendants sought to influence, obstruct or impede the due administration of justice in violation of 18 U.S.C. § 1503. To state a claim under section 1983, a plaintiff must establish the following elements. First, it must be shown that a plaintiff has been deprived of a Constitutional right. Second, the defendants must have been acting under "color of state law." *See Flag Brothers, Inc. v. Brooks,* 436 U.S. 149, 155–56, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978).

■ No public officials have been named as defendants in this action. Thus, the court must determine whether the defendants' acts as private citizens, "may be fairly treated as that of the state itself." *Id.* at 157, 98 S.Ct. at 1734 (quoting *Jackson v. Metropolitan Edison Company,* 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974). The Supreme Court in *Flag Brothers, Inc.* noted that never has the Supreme Court held that a state's mere acquiescence in a private individual's conduct converts that act into that of the state. 436 U.S. at 164, 98 S.Ct. at 1737.

Plaintiffs cite the decision in *Macko v. Byron,* 576 F.Supp. 875 (N.D.Ohio 1983), as case law which supports their allegations that the defendants acted under color of state law. The court must disagree. In fact, the court in *Macko* limited its finding of state action under section 1983 to a very narrow set of facts. The court found that the allegations pled in *Macko* did not fit that narrowly-defined fact pattern needed to state a cause of action under section 1983. 576 F.Supp. at 880. Similarly, this court finds that there are no allegations which establish that the defendants took over and controlled the judicial process sufficient to state a cause of action under color of state law. The court finds there are no allegations which suggest that the county attorney acted in collusion or conspired with the defendants to process the plaintiff. Rather, the warrant issued against the plaintiff, in this case Dennis Kraemer, was based solely on the complaint filed by Dennis Meyn alleging assault.

■ It is also interesting to note that the court in *Macko* held that the mere threat to a person's Constitutional right is not sufficient to state a cause of action under section 1983. *Id.* at 880. In this case, the plaintiffs' complaint alleges a violation of section 1983 based on defendants' alleged endeavor to influence, obstruct, or impede the due administration of justice. Clearly, this allegation does not state a claim under section 1983. Mere discouragement of the exercise of a plaintiff's Constitutional right does not constitute a deprivation. The court therefore finds that defendants' motion for summary judgment should be granted as to plaintiffs' section 1983 claims. Likewise, the alleged threat to plaintiffs' first amendment rights does not state a cause of action under § 1983. Plaintiffs state no actual violation of their right to freedom of speech.

Plaintiff Constance Kraemer also alleges a conspiracy to defraud plaintiff of her interest in this trust in violation of 42 U.S.C. § 1983. The defendants contend that Constance has no current rights to trust property because her right is contingent in nature. The court notes that the Pretrial Order does not claim a deprivation of plaintiff's interest in the trust in violation of § 1983, although the complaint does so. Regardless, based on the court's earlier finding that the plaintiffs have failed to establish that the defendants acted "under color of state law," summary judgment should be granted in favor of the defendants on the plaintiffs' claims pursuant to 42 U.S.C. § 1983.

Plaintiff Dennis Kraemer is not alleging a violation of the RICO Act, 18 U.S.C. § 1961 *et seq.,* as he is not a beneficiary of the trust and therefore has no standing to sue. Therefore, all that remains is Constance Kraemer's claim under the RICO Act and the pendent state law claims. Before ruling on plaintiff's RICO claim, the court makes a finding that there is no connection between the plaintiff Dennis Kraemer's claim for malicious prosecution, false imprisonment, wrongful detention and false arrest arising from the altercation between Dennis Mehy and Dennis

Kraemer, and the allegations against the trustees. In fact, the court is somewhat surprised that the plaintiffs intertwined these two separate incidents in one cause of action. The court notes that it does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332 to hear the claims of Dennis Kraemer for malicious prosecution, false imprisonment, wrongful detention, and false arrest. The court finds that these state law claims are not related to plaintiffs' § 1983 claims and plaintiff Constance Kraemer's cause of action under RICO.

Title 28, United States Code, Section 1332 requires diversity of citizenship between the parties. The complaint filed in this action makes clear that the plaintiffs and the defendants are all citizens of Kansas, thus destroying diversity jurisdiction. The court must therefore make a determination whether it should exercise jurisdiction over these pendent state law claims despite the fact that plaintiff Dennis Kraemer's section 1983 claims have been dismissed. The court will address this issue after it has ruled on plaintiff Constance Kraemer's claim under the RICO Act.

Defendants have also filed a motion for summary judgment or to dismiss the claim of Constance Kraemer, alleging a violation of the RICO Act, 18 U.S.C. § 1962, implicating section 1964(c). A violation of section 1962 requires (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. *Torwest DBC, Inc. v. Dick*, 810 F.2d 925, 927 (10th Cir.1987) (citing *Sedima, S.P.R.L. v. Imrex Company*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)). Section 1962(c) states:

> [i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).

Defendants have requested summary judgment on plaintiffs' claim under RICO on several grounds. First, defendants claim that the plaintiff has failed to establish a pattern of racketeering activity. Second, defendants contend that the plaintiff has failed to allege an "enterprise" cognizable under RICO. Third, defendants argue that the plaintiff lacks standing to bring an action under RICO. Fourth, defendants claim that plaintiff's RICO claims are barred by the statute of limitations. The court will first address defendants' contention that the plaintiff has failed to establish a pattern of racketeering activity. Before ruling on this issue, the court will provide a narration of the facts relevant to all defendants on their motions for summary judgment on plaintiff's RICO claim.

On September 28, 1970, Selma and William Meyn established individual, revocable inter vivos trusts for themselves. They named themselves and Mr. William Byrnes, their banker, as trustees. On May 2, 1980, Selma and William Meyn amended their trust. They named themselves and the defendants Dennis Meyn and Gary W. Padgett as trustees. William Meyn died on October 5, 1981. Defendant Padgett served as a trustee of the Selma Meyn Trust and the William Meyn Trust until his resignation on May 18, 1984. Defendants Terry A. Blaser and Jon C. Snapp were appointed by defendant Dennis Meyn to serve as trustees on the Meyn Trusts in September of 1984. They were practicing attorneys in the law firm of Galloway, Wiegers, Sprouse, Heeney, & Blaser, P.A., in Marysville, Kansas.

Plaintiff Constance Kraemer first became concerned about the William Meyn Trust in May of 1980, approximately one month after it was amended. She went to her attorney, John Eyer, and then to attorney Stephen Boyda for advice. She then contacted attorney Hal DesJardines in November or December of 1981 regarding her concern for the trusts. Mr. DesJardines and Mr. Eyer exchanged correspondence relating to trust accountings in March and April of 1982.

On February 27, 1985, a meeting was held between defendant Bolton, defendant Meyn, and the plaintiffs. Defendant Meyn mentioned to defendant Bolton his concern that trust property had been wrongfully auctioned in April, 1984. Defendant Meyn also discussed his financial problems with

defendant Bolton, including bad check charges regarding defendant Meyn's checking account at the Citizens National Bank. Meyn also discussed with Bolton his desire to sue defendants Blaser and Snapp in their capacities as trustees. At that meeting, Dennis Kraemer told defendant Bolton that the bad check charges were the result of insufficient funds in the checking account shared by the Meyn Trusts and defendant Meyn at Citizens National Bank. The insufficient funds resulted from the refusal of defendants Blaser and Snapp to reimburse defendant Meyn for his services in the sale of trust property because defendant Meyn had kept the proceeds of the sale for himself. On the evening of March 31, 1985, Constance Kraemer asked defendant Meyn the whereabouts of approximately $13,000 in trust funds withdrawn by defendant Meyn. An altercation between defendant Meyn and Dennis Kraemer subsequently ensued.

In the Pretrial Order, plaintiff claims that the trustees generally mismanaged, wasted, abused and defrauded the corpus of the trust by holding the public auction on April 23, 1984. Plaintiff claims that the sale of numerous items of machinery and equipment belonging to the trusts and the application of the proceeds to the personal indebtedness of the defendant Meyn resulted in a loss to plaintiff Constance Kraemer. The plaintiff further claims that defendant Meyn repeatedly has converted the growing and harvested crop percentages owing to said trust to his own use and benefit in collusion with the knowledge and acquiescence of the defendant trustees. Constance Kraemer alleges that the trustees have utilized trust funds to pay personal bills and living expenses of defendant Meyn. It is also alleged that during the years 1982–1986, the trustees failed to and refused to render full and complete accountings to plaintiff Constance Kraemer, though repeatedly requested to do so by the plaintiff. Plaintiff makes general allegations as to the use of U.S. mails in violation of 18 U.S.C. § 1341 and the utilization of interstate phone lines in violation of 18 U.S.C. § 1343 to defraud the plaintiff.

■ The court will first address the defendants' contention that the plaintiff has failed to state a pattern of racketeering activity as required by 18 U.S.C. § 1962(c). The court notes that both the plaintiff and defendants have cited the recent case of *Torwest DBC, Inc.*, 810 F.2d 925, for its analysis of the requirement of "pattern of racketeering activity." Under the analysis of *Torwest DBC, Inc.* and the more-recent Tenth Circuit decision in *Condict v. Condict*, 826 F.2d 923 (10th Cir.1987), the plaintiff has failed to sufficiently allege a pattern of racketeering activity.

In the case of *Condict*, the district court entered summary judgment on the plaintiff's claim under RICO. The Tenth Circuit affirmed. As in our case, *Condict* involved a family dispute over property. In *Condict*, the will of Winthrop Condict, II, distributed the ranch property at issue to his wife, an interest to his three children and another individual. The facts indicate there was a continual family dispute over the ranch and its operation. Finally, the mother brought an action in state court seeking partition of the ranch realty and a dissolution of the partnership. A counterclaim was filed, alleging that some of the members of the partnership were guilty of fraud, concealment of assets, misappropriation of assets, waste, and fraud. The state court action was still pending when an action was filed in the Federal District Court for the District of Nebraska. That action alleged a RICO violation pursuant to 18 U.S.C. §§ 1961–68, and a claim for common law fraud, deceit and misrepresentation. There were twelve named defendants in that action, including a receiver for the ranches, a court-appointed counsel, an attorney who represented some of the parties in the partition proceeding, a certified public accountant who prepared the tax returns for the partnership, and other employees of Alden Condict. The case was later transferred to the United States District Court for the District of Wyoming.

The complaint filed in federal court was filed under 18 U.S.C. § 1964(c). Specifically, the plaintiffs alleged that the defendants were guilty of fraud, consisting of, but not limited to, attempts to wrongfully

deprive some of the heirs of their rightful share of partnership income and to wrongfully impose upon them an inappropriate share of partnership burdens. They also alleged that some of the defendants were pulled into the original conspiracy to cover up the original wrongs for their own profit, and to drive the plaintiffs from the ranching business. The plaintiffs also made general allegations relating to mail and wire fraud. A scheme was alleged to have run for a ten year period of time.

The district court, in dismissing the action, held that the complaint failed to state a claim upon which relief could be granted. The narrow issue before the Tenth Circuit was whether, under the record before the Tenth Circuit, the plaintiffs charged the defendants with the conduct or participation in the conduct of an enterprise through a "pattern of racketeering activity." The court specifically directed its attention to the word "pattern." The Tenth Circuit extensively quoted *Sedima* for its holding that a pattern requires at least two acts of racketeering activity and that two isolated acts of racketeering activity do not constitute a pattern. Slip op. at 10 (citing *Sedima*, 105 S.Ct. at 3285 n. 14). The court cited the factor of continuity plus relationship as an essential element to establish a pattern. *Id.*

In *Condict*, the Tenth Circuit recognized that its recent opinion in *Torwest DBC, Inc. v. Dick*, 810 F.2d 925 (10th Cir.1987) sheds considerable light on the interpretation of the term "pattern." The Tenth Circuit quoted its decision in *Torwest* for its analysis that "to make an adequate showing of continuity under *Sedima*, plaintiff must demonstrate some facts from which at least a threat of ongoing illegal conduct may be inferred. A scheme to achieve a single discrete objective does not in and of itself create a threat of ongoing activity, even when that goal is pursued by multiple illegal acts, because the scheme ends when the purpose is accomplished." *Condict*, at 928 (quoting *Torwest DBC, Inc.*, 810 F.2d at 928–29). The court found that under the facts presented in *Condict*, the continuity requirement was not met. Rather, the court found that the case

presented an unsuccessful effort to dress a garden variety fraud and deceit case in RICO clothing. Slip op. at 14.

As in *Torwest DBC, Inc.*, 810 F.2d at 929, the court finds that the instant case does not involve a scheme contemplating open and fraudulent activity over a period of time. The court finds that the facts here reveal that there exists an alleged single scheme with a single goal: the recovery of assets of the trust through the sale of trust assets and the misuse of trust income. Nothing in the allegations or the uncontroverted facts indicate that the alleged scheme was formulated to accomplish more than one discrete goal, or to continue after that goal was achieved. *Id.* Therefore, as in *Torwest DBC, Inc.*, no threat of continuing fraudulent activity can be inferred from the nature of the scheme alleged. *See Torwest DBC, Inc.*, 810 F.2d at 929.

In ruling on the issue of pattern of racketeering activity in this case, the court finds the facts and ruling in *Condict*, 826 F.2d 923 (10th Cir.1987) to be persuasive. The court finds that similar allegations of a scheme were involved in *Condict* and the case at hand. The court finds that the case at hand involves a case of state law claims for fraud, breach of fiduciary duty, conversion and for an action of accounting of trust funds rather than a case under RICO, 18 U.S.C. § 1962. The court therefore finds that defendants' motion for summary judgment on plaintiff's claim pursuant to the Racketeer Influenced & Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* should be granted. In so ruling, the court finds it unnecessary to address the other contentions of the defendants. The court further finds that defendants' motion to amend their answer to allege the affirmative defense of the statute of limitations is hereby denied as moot.

■ The court will next address the plaintiffs pendent state law claims for fraud, breach of fiduciary duty, conversion, negligence, breach of contract, accounting of trust funds, false arrest, imprisonment, wrongful detention and malicious prosecu-

tion. The court recognizes that federal jurisdiction no longer exists as the claims for section 1983 and RICO have been dismissed. The decision in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), suggests that if federal claims are dismissed before trial, even though not unsubstantial in a jurisdictional sense, the state claims should be dismissed as well. *See Transok Pipeline Co. v. Darks*, 565 F.2d 1150, 1155 (10th Cir.1977). In *Rosado v. Wyman*, 397 U.S. 397, 404, 90 S.Ct. 1207, 1214, 25 L.Ed.2d 442 (1970), the United States Supreme Court ruled that mootness of a federal question did not deprive a federal court of power to hear pendent state claims. In *Transok Pipeline Company*, the court interpreted the U.S. Supreme Court decisions to mean that exercise of power over state claims has been approved despite dismissal of federal claims where substantial amounts of time and energy have been spent in the case. *Id.* at 1155. The court is cognizant of the fact that whether or not to exercise the power to hear pendent state claims is a matter of discretion for this court. *See Transok*, 565 F.2d at 1155–56.

The decision in *Hagans v. Lavine*, 415 U.S. 528, 537, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974) provides this court with a guide whether to exercise discretion in hearing the pendent state claims of the plaintiffs. In *Hagans*, the Supreme Court cited the decision in *Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) for the principle that needless decisions of state law should be avoided, both as a matter of comity and to promote justice between the parties. Jurisdiction should also not be routinely exercised without considering the advantages of judicial economy, convenience, and fairness to litigants. *Hagans v. Lavine*, 415 U.S. at 545, 94 S.Ct. at 1383. After reviewing the facts, the court finds that this case is more properly brought in state court. The court finds that claims relating to breach of fiduciary duty and trusts and matters of accounting are more properly dealt with within the province of state court, rather than the federal courts. This case was filed on March 21, 1986, and

thus, has not been pending in the federal court for a substantial amount of time. The court therefore finds that it will decline to exercise jurisdiction over plaintiffs' pendent state law claims.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motion for an order requiring defendants to file with the court clerk a complete copy of the entire discovery record is hereby denied. IT IS FURTHER ORDERED that defendants' motion for summary judgment on plaintiffs' claims pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 1961 *et seq.* is hereby granted. IT IS FURTHER ORDERED that the court declines to exercise jurisdiction over plaintiffs' pendent state law claims for fraud, breach of fiduciary duty, conversion, negligence, breach of contract, accounting of trust funds, false arrest, imprisonment, wrongful detention, and malicious prosecution of criminal action. IT IS FURTHER ORDERED that defendant's motion to amend their answer to allege the affirmative defense of the statute of limitations is hereby denied as moot. The clerk is directed to close this case.