JoAnne MACKO, Helen L. Mertineit, John Szabo, Plaintiffs-Appellants,

v.

Barry BYRON, Melvin G. Schaeffer, Sabby J. DeFrank, Robert Morehead, Morton O'Ryan, Lawrence O'Connell, George Kraincic, Marilyn Monzula, Defendants-Appellees.

No. 83–3770.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 18, 1985.

Decided April 15, 1985.

Daniel J. Ryan (argued), Charles R. Laurie, Jr., Herbert L. Braverman, Cleveland, Ohio, for plaintiffs-appellants.

Burt Fulton, Cleveland, Ohio, Abraham Cantor (argued), Willoughby, Ohio, for defendants-appellees.

Before LIVELY, Chief Judge, KRUPANSKY, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

Plaintiffs-appellants appealed from the district court's dismissal of their civil rights action. On November 4, 1977, plaintiffs filed suit under 42 U.S.C. § 1983 against various officials of the city of Willoughby Hills, Ohio, claiming that they were unjustly charged with criminal offenses as punishment for exercising first amendment rights during their efforts to recall some of the defendants from public office. Plaintiffs originally named as defendants the prosecutor, the assistant prosecutor, the mayor, the clerk of the city council, the law director, and several council members.

Plaintiffs' amended complaint contained three counts. Count two alleged that the local prosecutor and his assistant, acting in concert with the other defendants, violated plaintiffs' constitutional rights by causing them to be indicted and arrested for violations of various Ohio laws relating to the recall petitions.

The case was originally assigned to Judge Green of the Northern District of Ohio, who on April 9, 1979, granted summary judgment in favor of the defendants on all three counts of plaintiffs' amended complaint. Judge Green held that the defendant prosecutor and his assistant were acting within their prosecutorial function and, thus, were absolutely immune from civil liability. Judge Green further held that since the prosecutors were dismissed by virtue of their prosecutorial immunity, the remaining defendants could not be said to have acted under color of state law, a prerequisite to maintaining an action under 42 U.S.C. § 1983.

Plaintiffs appealed Judge Green's order to the Sixth Circuit. *See Macko v. Byron,* 641 F.2d 447 (6th Cir.1981). This court affirmed the dismissal on counts one and three but reversed and remanded the case for further proceedings as to count two for the reason that the dismissal of the prosecutors because they were immune did not mandate dismissal of the other defendants who allegedly conspired with the prosecutors, citing *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). *Macko v. Byron,* 641 F.2d at 449–50.

Plaintiffs then filed a second amended complaint in which they deleted as defendants the prosecutor and his assistant. Plaintiffs redrafted count two to allege (1) that the remaining defendants conspired to deny plaintiffs equal protection of the law by knowingly and maliciously giving false and incomplete information to a grand jury, thereby causing plaintiffs to be indicted, and (2) that the defendants' actions were designed to discourage plaintiffs from initiating a second recall petition. Judge Green declined to grant defendants' motion for summary judgment on count two of the second amended complaint ruling that plaintiffs' allegations in count two were sufficiently specific and that, if the plaintiffs could prove at trial that a conspiracy

existed, the remaining defendants could be held liable for the actions of the previously-dismissed prosecutors. *Macko v. Byron,* 555 F.Supp. 470, 475–77 (N.D.Ohio 1972).

The case was transferred to Judge Krenzler of the Northern District of Ohio who ruled that the allegations of count two of the second amended complaint failed to state a claim upon which relief could be granted and accordingly, *sua sponte* dismissed the action. *See Macko v. Byron,* 576 F.Supp. 875 (1983). Plaintiffs have appealed the dismissal.

█ Judge Krenzler first considered plaintiffs' claim that the defendants conspired to and did give false testimony to the grand jury. He concluded that plaintiffs were essentially asserting that they were indicted based on perjured testimony and thus had a claim under 42 U.S.C. § 1983 against the witnesses. Judge Krenzler noted that the Supreme Court had recently held, in *Briscoe v. Lahue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), that witnesses in judicial proceedings are absolutely immune from civil liability under 42 U.S.C. § 1983 based on their testimony, even if they knowingly gave perjured testimony. Accordingly, he found that plaintiffs' claim based on perjured testimony did not sufficiently state a cause of action under 42 U.S.C. § 1983.

█ With respect to plaintiffs' allegation that the defendants' actions were designed to discourage plaintiffs from initiating a second recall petition, Judge Krenzler found that the allegation concerned a threat and not an actual infringement of a constitutional right. Since only an actual violation of a constitutional right may be redressed under § 1983, Judge Krenzler determined that the allegation failed to

state a claim upon which relief could be granted. *See Lamar v. Steele,* 698 F.2d 1286 (5th Cir.) *cert. denied,* —— U.S. ——, 104 S.Ct. 86, 78 L.Ed.2d 95 (1983) ("A section 1983 claim only occurs when the threats or threatened conduct result in a constitutional deprivation").

Judge Krenzler correctly concluded that plaintiffs' second amended complaint failed to sufficiently state a cause of action under 42 U.S.C. § 1983. Plaintiffs have charged additional errors which this court has considered and has determined to be without merit. Based on Judge Krenzler's reasoning, as set forth above,[1] the judgment of the district court is hereby AFFIRMED.

---

1. In addition to the reasons discussed above, Judge Krenzler also found that the second amended complaint failed to state a cause of action under 42 U.S.C. § 1983 for selective pros-ecution. In view of the alternative grounds upon which this court's decision is based, it is unnecessary to address the issue.