780 F.2d 1020
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
CHARLES M. CLARK, Plaintiff-Appellant,
v.
BILL STORY, WARDEN, AND NORMAN CARLSON, DIRECTOR OF U.S.
PRISONS, Defendants-Appellees.
 85-5721
 United States Court of Appeals, Sixth Circuit.
 11/11/85
 
 AFFIRMED
 E.D.Ky.
 ORDER
 BEFORE: MERRITT and WELLFORD, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This federal prisoner, who is now incarcerated at the Federal Corrections Institution in Terre Haute, Indiana, moves the Court to appoint counsel in his appeal from a district court judgment adopting the Magistrate's report and recommendation to dismiss plaintiff's amended complaint filed under 42 U.S.C. Sec. 1983.
 
 
 2
 Seeking injunctive, declaratory and monetary relief, the plaintiff alleged in his amended complaint that his fifth, eighth and fourteenth amendment rights were violated by the defendants' failure to adopt and implement adequate safety measures at the Federal Corrections Institution in Ashland, Kentucky, after the plaintiff informed the prison officials that he should be placed in special protective custody for his own safety. Plaintiff explained that his former co-defendant whom he testified against was also incarcerated in the Ashland Federal Corrections Institution, and he needed to be protected from assault by the co-defendant. Plaintiff, a parole violator, also explained that he had been given special protective status under the Central Inmate Monitoring program before he was paroled. This special protection, however, was not reassigned to him upon his return to prison, and yet the same reasons supporting the status still existed at the Federal Correctional Institution in Ashland. Plaintiff also complained that he was always placed in handcuffs every time he left his detention cell. Plaintiff claims that this practice degraded and humiliated him and amounted to cruel and unusual punishment.
 
 
 3
 Upon review of the cause including the plaintiff's objections filed to the second Magistrate's report and recommendation, the district court adopted the Magistrate's report and recommendation, and concluded that no discernible constitutional injury was alleged and that the defendants' use of handcuffs was reasonably necessary to assure institutional security and discipline.
 
 
 4
 Upon liberal review of the plaintiff's arguments presented in his amended complaint, objections and papers filed on appeal, this Court concludes that the district court properly dismissed plaintiff's complaint for the reasons stated by it. In prison assault cases, gross negligence or deliberate indifference to the prisoners' safety is necessary to support a claim of constitutional magnitude. Roberts v. The City of Troy, ---- F.2d ----, slip op. 83-1334 (6th Cir. September 30, 1985); Stewart v. Love, 696 F.2d 43 (6th Cir. 1982) (per curiam); Orpiano v. Johnson, 632 F.2d 1096, 1101 (4th Cir. 1980. Clearly, plaintiff's allegations of wrongdoing failed to arise to this constitutional level as it is apparent that the defendants in this case did act reasonably to insure the plaintiff's safety. The measures implemented including handcuffing the plaintiff were reasonably related to legitimate penological objectives of the defendants to provide for institutional safety and security. Bell v. Wolfish, 441 U.S. 520 (1979); Pell v. Procunier, 417 U.S. 817 (1974); Holt v. Pitts, 702 F.2d 639 (6th Cir. 1983). The threat of harm perceived by the plaintiff also did not result in an actual constitutional violation, as there was no alleged pattern of pervasive danger to the inmates and no assault was ever made on the plaintiff. See Stewart v. Love, supra; Orpiano v. Johnson, supra. cf. Macko v. Byron, 760 F.2d 95, 97 (6th Cir. 1985). With his safety having been adequately safeguarded under the measures taken by the defendants, plaintiff also did not possess any kind of due process right to have further protective measures be afforded him under the Central Inmate Monitoring program. Cf. Olim v. Wakinekona, 461 U.S. 238, 250 (1983).
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The plaintiff's motion for the appointment of counsel is, accordingly, denied and the district court's judgment is hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.