817 F.2d 105
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earnest NAPIER, and Dwight Coomer, Plaintiffs-Appellants,
v.
Dewey SOWDERS, Warden; Phil Parker, Deputy Warden; and W.
Thorton, Internal Affairs, Defendants-Appellees.
 No. 86-6046.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1987.
 
 Before KEITH, KENNEDY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Appellants have also moved for the appointment of counsel. Upon examination of the record and the briefs submitted by the parties, this panel agrees unanimously that oral argument is not needed.
 
 
 2
 Appellants, both of whom are now inmates at the Kentucky State Reformatory, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Eastern District of Kentucky. As the basis of their claim for both injunctive relief and monetary damages, they alleged that during the course of their prior incarceration at the Northpoint Training Center in Burgin, Kentucky, appellees had conspired to have them charged with the disciplinary infraction of dealing in contraband. In addition to the overall conspiracy, appellants maintained that their civil rights had been violated through their subjection to random searches of themselves and their cells and their placement in administrative segregation without the lodging of specific disciplinary charges against them. Appellees responded to the complaint by filing a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. The district court agreed in that assessment and by order entered September 19, 1986, directed the dismissal of the complaint. Appellants thereafter filed this appeal.
 
 
 3
 A district court may properly grant a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, only if it, assuming the truth of each factual allegation appearing in the complaint, can conclude that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. Windsor v. The Tennessean, 719 F.2d 155 (6th Cir.1983), cert. denied, 469 U.S. 826 (1984); Dunn v. State of Tennessee, 697 F.2d 121 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983).
 
 
 4
 Application of the above standard to the three distinct claims raised by appellants indicates that the district court did not err in dismissing the complaint. First, there was no error in the dismissal of appellants' claim that appellees had conspired to achieve their being falsely charged with a disciplinary infraction. In this regard, the complaint on its face demonstrates that the alleged conspiracy never achieved that end and that appellants were only threatened with a violation of their rights. A mere threat to a person's enjoyment of a protected interest, however, will not give rise to a cause of action under 42 U.S.C. Sec. 1983. Macko v. Byron, 760 F.2d 95 (6th Cir.1985).
 
 
 5
 Likewise, appellants may not recover upon their claim that they were the object of random searches as inmates in a penal institution generally have no privacy interest of sufficient magnitude to implicate fourth amendment protections against unreasonable searches. Hudson v. Palmer, 468 U.S. 527, 529-30 (1981).
 
 
 6
 Finally, as to their claim that they were improperly placed in administrative confinement for a period of three days, it must be observed that prison authorities generally are afforded wide deference in their conduct of internal institutional affairs such as the classification of inmates. Accordingly, courts will not interfere in such matters absent a showing that the action complained of was taken in derogation of a state statute, regulation or policy that has created a protectible liberty interest on behalf of the inmates. Hewitt v. Helms, 459 U.S. 460 (1983). Examination of the complaint indicates that appellants did not allege that their placement in administrative segregation was achieved in violation of such a specific liberty interest. Accordingly, appellants failed to state a colorable claim in this regard and the district court properly granted appellees' motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Appellate Procedure.
 
 
 7
 Therefore, the motion for appointment of counsel is hereby denied and the district court's final order entered September 19, 1986, is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.