848 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerome T. WHREN, Petitioner-Appellant,
v.
The FEDERAL DEPARTMENT OF CORRECTION, et al., Respondents-Appellees.
 No. 87-6226.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1988.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff claimed that the defendants violated his civil and "B.O.P. rights" during an investigation and subsequent disciplinary hearing concerning a fight between plaintiff and another inmate. The district court properly dismissed the complaint as frivolous because plaintiff's conclusory allegations do not state a claim for relief. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). At most the plaintiff merely alleged a "threatened" deprivation of his constitutional rights which is insufficient to state a claim for relief. See Macko v. Byron, 760 F.2d 95, 97 (6th Cir.1985) (per curiam).
 
 
 3
 Furthermore, the defendants complied with the requirements of Bureau of Prisons Program Statement 5270.6. Page two of the incident report shows that the report was delayed due to a lengthy investigation, and that plaintiff was given a copy of the report on the same day that the investigation concluded.
 
 
 4
 Finally, the record shows that the defendants substantially complied with plaintiff's due process rights as set forth in Wolff v. McDonald, 418 U.S. 539 (1974). Plaintiff received advance written notice of the charges against him prior to the hearing, and was given the opportunity to present evidence on his behalf, including the right to call witnesses and present documentary evidence. He also had the opportunity to request a staff representative.
 
 
 5
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.