869 F.2d 1488
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rodney BRANHAM, Plaintiff-Appellant,
v.
Herb GRINAGE; Mark L. Smith, Defendants-Appellees.
 No. 88-1611.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se Michigan prisoner seeks appointment of counsel in his appeal from the district court's judgment dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 3
 Seeking compensatory and punitive damages, as well as injunctive relief in the form of transfer from the penal institution, Branham alleged that his eighth amendment rights were violated by the failure of prison authorities at the State Prison of Southern Michigan (SPSM) to adequately insure his safety while incarcerated. The defendants' motion to dismiss was granted by the district court, and this appeal followed.
 
 
 4
 On appeal, Branham continues to claim that the defendants failed to protect him while he was housed in administrative segregation, and further complains of unsanitary conditions of his present confinement.
 
 
 5
 Upon review, we affirm the judgment of the district court. The plaintiff failed to state that he actually suffered any harm from the alleged failure to protect him. A Sec. 1983 claim only occurs when the threats or threatened conduct result in a constitutional deprivation. See Macko v. Byron, 760 F.2d 95, 97 (6th Cir.1985) (per curiam).
 
 
 6
 Neither is a prisoner entitled to placement within a particular prison, see Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976), nor to a particular security classification. See Moody v. Daggett, 429 U.S. 78, 88 (1976). Although Branham complains that he is in administrative segregation as opposed to protective custody, he utterly failed to establish a substantive difference in his conditions of confinement relating to the alleged difference in classification. Prison authorities are afforded deference in regard to the security measures taken to insure institutional safety. See Bell v. Wolfish, 441 U.S. 520, 527 (1979). Further, there exists no right to placement within any particular section of the prison. See Hewitt v. Helms, 459 U.S. 460, 467 (1983).
 
 
 7
 To the extent Branham alleges eighth amendment violations relating to unsanitary conditions in the facility at Ionia, Michigan, in his reply brief, those issues will not be addressed for the first time on appeal, as they were not raised in the district court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987); United States v. Baker, 807 F.2d 1315, 1321 (6th Cir.1987).
 
 
 8
 Accordingly, the motion for appointment of counsel is denied, and the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.