869 F.2d 1490
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles E. GUNTER; Mike C. Gunter, Plaintiffs-Appellants,
v.
Al SCHMUTZER, Jr.; Lonnie Hood; Don Watson; Tommy
McClanahan; Angie McClanahan, Defendants-Appellees.
 No. 88-5766.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1989.
 
 Before KEITH, BOYCE F. MARTIN Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiffs filed this civil rights action under 42 U.S.C. Secs. 1983 and 1985 claiming the named defendants deprived, and conspired to deprive, plaintiffs of various constitutional guarantees. The matter was referred to a magistrate who recommended the complaint be dismissed for failure to state a claim for relief. The district court adopted the recommendation, over plaintiffs' objections, and the instant appeal followed. The parties have briefed the issues, plaintiffs proceeding pro se.
 
 
 3
 Upon consideration, we find the district court's judgment supported by the record. Plaintiffs alleged the defendants acted to deprive them of certain federally guaranteed rights, e.g., access to the courts and due process of law. Plaintiffs, specifically, alleged defendants conspired to murder them and defendant Schmutzer refused to issue warrants for the arrest of defendants Tommy and Angie McClanahan. Examination of the record reveals, however, that plaintiffs have at best articulated a claim that defendants may deprive plaintiffs of some civil rights in the future. This claim is highly speculative and cannot serve as the basis of a suit under Sec. 1983. Macko v. Byron, 760 F.2d 95, 97 (6th Cir.1985) (per curiam). Plaintiffs' remaining claims, to the extent they are an attempt to invoke a conspiracy under Sec. 1985, lack any indication that defendants were motivated by a "class based discrimination animus" and were thus properly dismissed. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.