940 F.2d 660
 141 L.R.R.M. (BNA) 2984
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert J. GUIFFRE, Plaintiff-Appellee,
v.
LOCAL LODGE NO. 1124, UNITED STEELWORKERS OF AMERICA, United
Steelworkers of America, Kenneth Saltz, Jerry
Stewart, Dennis Miller, David Leasure,
and William Burga, Defendants-Appellees.
 
 No. 90-3540.
 United States Court of Appeals, Sixth Circuit.
 July 24, 1991.
 Before MILBURN and BOGGS, Circuit Judges, and GILMORE*, District Judge.
 PER CURIAM.
 
 
 1
 Robert J. Guiffre has been a member of the United Steelworkers of America ("the union" or "the national") since 1948. Kenneth Saltz is the President of Local Lodge No. 1124 (the "local" or "the local lodge") of the union. William Burga is a representative of the national union to the local lodge. The other defendants are lower-ranking officers of the local.
 
 
 2
 Guiffre brought suit on October 28, 1987, alleging that the local lodge had taken disciplinary action against him in violation of 29 U.S.C. Secs. 411, 412, & 529. The case was assigned to a magistrate to supervise discovery. On his recommendation, the suit was dismissed after the defendants had moved for summary judgment. Defendants argued that the statute of limitations had run on Guiffre's claims and that the national union had set aside the disciplinary measures imposed by the local on Guiffre, thereby mooting his claims. This appeal follows. We affirm the district court.
 
 
 3
 * When Guiffre joined Local Lodge No. 1124, he was employed at the Enduro Stainless plant in Massilon, Ohio, which was operated by Republic Steel Corporation. For reasons not relevant here, Republic sold the plant to Robert Newstat in 1984. Within a year, Newstat closed the plant and took his company into bankruptcy. the plant reopened a year later as Mercury Stainless, Guiffre's present employer. When the plant was sold to Newstat, a new collective bargaining agreement (CBA) was negotiated. It was approved on December 9, 1984. Guiffre was one of a number of members of the local who believed that the new CBA was not in the interests of the membership and that the leadership of the local was not acting in the best interests of the rank and file. In 1985, these members formed a dissident organization entitled United Steelworkers for Equal Rights. Guiffre was a leader of this faction and one of the foremost and most vocal opponents of the new CBA and the policies of the lodge's leadership. There were heated exchanges between Guiffre and Saltz and union meetings. Guiffre was frequently ruled out of order. At one point, Guiffre published letters in the Massillon newspaper to vent his opposition, contending that he was unable to speak his mind at local meetings.
 
 
 4
 As a result of Guiffre's activities, Saltz initiated union disciplinary proceedings against Guiffre on March 31, 1987. The trial committee consisted of defendants Steward, Miller, and Leasure. The committee found Guiffre guilty of five charges and recommended that Guiffre be fined one thousand dollars and be prohibited from holding union office for ten years and denied the right to speak at local meetings for three years. Guiffre appealed this decision to the national union. On November 23, 1987, authorities of the national union stayed the enforcement of the penalties, and on May 12, 1988, the national union set aside all penalties against Guiffre, finding them contrary to federal labor law. As a result, no penalties were ever enforced against Guiffre.
 
 
 5
 On October 28, 1987, while his appeal to the national union was pending, Guiffre filed the action from which this appeal is taken. On August 12, 1988, after the national union had taken its final action, the defendants moved for summary judgment, contending that Guiffre's claims were moot because no penalties had ever been enforced against him and the national union had vacated the sentence of the local's trial committee.
 
 
 6
 Guiffre filed a memorandum in opposition to summary judgment on August 12, 1988. The memorandum included additional allegations of mistreatment of the plaintiff by Saltz. It said that at one meeting, Saltz had told Guiffre to "shut up and sit down." At another meeting, Saltz told Guiffre that he would "kick your ass" and asked him to step outside. The times of these incidents were later determined to be December 18, 1985 and July 3, 1986 respectively.
 
 
 7
 The magistrate reviewed the pleadings and the evidence from discovery and recommended that summary judgment be granted. Guiffre filed objections, but the district court decided to accept the magistrate's report. There were four grounds for recommending summary judgment. First, the statute of limitations had run on Guiffre's claims. Second, Guiffre had failed to exhaust his union remedies. Third, the case had become moot, because the international union had vacated the sentence against Guiffre. Fourth, Guiffre's allegations that Saltz's threatening conduct "infringed" on his statutory right of free speech did not state a claim.
 
 
 8
 Guiffre filed timely objections to the magistrate's report and recommendations, arguing 1) that the magistrate's recommendation to grant defendants' motion for summary judgment without the benefit of an evidentiary hearing did not comply with Rule 72(b) of the Federal Rules of Civil Procedure, and 2) that the magistrate's conclusion that the statute of limitations had expired before the filing of the complaint lacked merit. The district court rejected these contentions and specified in its order granting summary judgment that "the [m]agistrate's report and recommendation is sustained, adopted[,] and incorporated herein." On appeal, Guiffre does not renew these objections. Instead, he argues that the magistrate erred with respect to each of the four holdings summarized above, including his conclusion that Guiffre's claims are time-barred. Nonetheless, because the district court adopted the magistrate's report in toto, not just its conclusions about the statute of limitations, we shall not distinguish between the report and recommendation of the magistrate and the opinion of the district judge in the ensuing discussion of Guiffre's appeal. We agree with Guiffre that both the magistrate and the district judge erred in applying the statute of limitations, but we disagree with his other assignments of error.
 
 
 9
 * The Bill of Rights of Members of Organized Labor, 29 U.S.C. Sec. 411 et seq., guarantees to every member of a labor organization equal rights to nominate candidates, vote in elections, attend meetings, participate in deliberations, and vote on union business. Id. Sec. 411(a)(1). These rights are subject to reasonable rules and regulations provided in the labor organization's constitution and bylaws. Ibid. The Labor Bill of Rights further guarantees the members' rights to express their views at union meetings about union business. Id. Sec. 411(a)(2). This right is subject to "reasonable rules as to the responsibility of every member toward the organization as an institution...." Ibid.
 
 
 10
 Another article of the Labor Bill of Rights provides that "no member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been ... afforded a full and fair hearing." Id. Sec. 411(a)(5). In addition, it is unlawful for any labor organization or officer thereof "to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the [Labor Bill of Rights]." Id. Sec. 529.
 
 
 11
 Guiffre's complaint asserts that he was subject to discipline for exercising statutorily protected rights of free speech in violation of Sec. 529. It alleges further that one of the members of the local's trial committee was prejudiced against him, thereby denying him a fair hearing, in violation of Sec. 411(a)(5).
 
 
 12
 Relying on Childs v. Local 18, Internat'l Bhd. Elec. Workers, 719 F.2d 1379, 1384 (9th Cir.1983), the district court held that when a parent labor organization sets aside discipline imposed by a local, there is no discipline for purposes of the Labor Bill of Rights. We believe that the Ninth Circuit and the court below stated the law correctly in so holding.
 
 
 13
 On appeal, Guiffre appears willing to concede that any claim arising out of the local's disciplinary procedures is moot. He makes no argument against the relevance or authority of Childs. Instead, he maintains that the district court misapprehended the nature of his claims by holding all of them mooted when the international vacated the sentence of the trial committee. He asserts that the chilling effect of the disciplinary procedures, coupled with Saltz's threats, "infringed" on his freedom of speech. As his brief puts it, "President Saltz's conduct in stifling Guiffre's efforts to speak at union meetings chilled Guiffre's readiness to participate in union debate." He alleges that Saltz's conduct caused him a great deal of stress, which aggravated a pre-existing heart condition and back injury, brought on ulcers, and caused him to miss work.
 
 
 14
 The defendants argue that the rights afforded a union member under the LMRDA are analogous to those enjoyed by a citizen under the Bill of Rights of the federal constitution. See Reed v. United Transp. Union, --- U.S. ----, ----, 109 S.Ct. 621, 630 (1989) (reasoning that 29 U.S.C. Sec. 411(a)(2) is patterned on the first amendment). Hence, claims of LMRDA-protected rights may be analyzed by analogizing them to violations of 42 U.S.C. Sec. 1983, according to the defendants. See id. (reasoning that claims for violating rights guaranteed by 29 U.S.C. Sec. 411(a)(2) were analogous to 42 U.S.C. Sec. 1983 claims). The defendants argue that in this circuit, a plaintiff does not state a cause of action under Sec. 1983 merely by alleging a "chilling effect" on his first amendment rights; there must be an actual violation. See Macko v. Byron, 760 F.2d 95, 97 (6th Cir.1985) (no cause of action stated for threatened infringement of first amendment rights) (citing Lamar v. Steele, 698 F.2d 1286 (5th Cir.), cert. denied, 104 S.Ct. 86 (1983) ("A section 1983 claim only occurs when the threats or threatened conduct result in a constitutional deprivation.")).
 
 
 15
 We find this argument persuasive. Accordingly, we hold that a union member states no cause of action where he alleges no violation of his rights under 29 U.S.C. Secs. 411(a)(1) & (2) other than a "chilling effect" on the exercise of these rights. It is not enough for a plaintiff to allege that he became fearful or apprehensive when exercising his rights because of rudeness, or even outright threats. He must be prepared to show either tangible injury, e.g., fine, suspension, physical attack, or denial of job opportunities, or that the atmosphere had become so hostile because of threats that he was unable to speak his mind or exercise other statutorily protected rights.
 
 
 16
 Guiffre cites a number of cases in which a union member has been awarded damages for emotional distress. E.g., Murphy v. International Union of Operating Eng'rs, Local 18, 774 F.2d 114 (6th Cir.1985), cert. denied, 475 U.S. 1017 (1986); McCraw v. United States Ass'n of Journeymen & Apprentices, 341 F.2d 705 (6th Cir.1965). None of the cases cited is relevant. In each of them, damages for emotional injury were awarded only after a substantive violation of membership rights had been found. E.g., Murphy, 774 F.2d at 118 (denial of employment opportunities, physical attacks by union agents, suspension from membership); McCraw, 341 F.2d at 707-08 (fine and suspension from membership). Guiffre has alleged no violation of his freedom of speech other than "a chilling effect," which was not sufficient to silence him. We conclude, therefore, that dismissal of Guiffre's claim was proper.
 
 
 17
 Before leaving this topic, we wish to emphasize that we have not held that official discipline is the only form of infringement on a union member's rights which violates the Labor Bill of Rights. A member's right may be violated by informal conduct as well as by formal discipline. See Murphy, supra. Abuse of the power of the chair, e.g. by expelling a member from a meeting in order to silence him, or threatening a member if he does not "shut up", may violate Sec. 411 under certain circumstances, especially if such practices are frequent and sustained, and there is evidence that they are part of a calculated effort to suppress dissent. We do not see such an effort here. At most we have allegations of flare-ups of temper by Saltz, which might have had a "chilling" effect on Guiffre, but not chilling enough to silence him.
 
 III
 
 18
 We now turn to issues raised by the district court's application of the statute of limitations to this case.
 
 
 19
 Relying on Adkins v. International Union of Elec., Radio & Machine Workers, AFL-CIO, 769 F.2d 330 (6th Cir.1985), the magistrate and district judge applied the six-month statute of limitations of 29 U.S.C. 160(b), which governs the hybrid unfair representation/unfair labor practices provisions of federal labor law. Adkins purports to construe DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 103 S.Ct. 2281 (1983). Guiffre points out that Reed v. United Transp. Union, --- U.S. at ---, 109 S.Ct. at 625-29, overrules Adkins and holds that the applicable period of limitation for violations of the Labor Bill of Rights is that provided by the state statute of limitation for personal injury. Id. Under Ohio law, this period is two years. OHIO REV.CODE Sec. 2305.11.
 
 
 20
 Defendants do not contend that the court below correctly determined the applicable statute of limitation in this case. They concede it was two years. They concede further that under the two-year period of limitation, the cause of action stated in Guiffre's original complaint was timely. Disciplinary proceedings against him were begun on March 31, 1987. This suit was filed on October 28, 1987, well within the two-year period. Nonetheless, defendants argue, Guiffre's "infringement" claims were not brought before the court until September 29, 1988. They are based on actions committed by Saltz on December 18, 1985 and July 30, 1986. Hence, defendants conclude, they are untimely.
 
 
 21
 We find defendants' position correct. Guiffre's "infringement" claims are distinct from his claim that he was wrongfully subjected to discipline. This proposition is established by his own arguments attempting to rescue his case from being held moot. Despite this fact, nothing in his complaint refers to the "infringement" claims or the conduct on which they were based. If Guiffre wished to pursue these new claims, he could have requested leave of the court to amend his complaint, pursuant to FED.R.CIV.P. 15(a). Even if the additional claims would be time-barred if pursued alone, they are deemed to have been pled as of the date of the original complaint, thereby becoming timely, if certain conditions are satisfied. See FED.R.CIV.P. 15(c). We need not decide whether the conditions were fulfilled in this case. Guiffre made no attempt to amend his complaint to add the new claims. Because of Guiffre's failure to follow correct procedures, we cannot lift the bar of the statute of limitations to his "infringement" claims.
 
 
 22
 But even if these new claims were timely, and even if they stated a cause of action, they are insufficient to overcome the district court's grant of summary judgment. The conduct complained of was not before the court until Guiffre filed a memorandum in opposition to summary judgment. No mention of it appeared in the complaint. Discovery by Guiffre did not focus on investigating them, thereby providing the defendants with notice that he intended to pursue them. Having received no notice of them, the defendants had no opportunity to investigate them when they conducted their own discovery. A party may not rely on wholly new allegations of wrongdoing to resist a motion for summary judgment. Wilburn v. Dial Corp., 724 F.Supp. 521, 525 (W.D.Tenn.1989).
 
 IV
 
 23
 Finally, we come to Guiffre's contention that the district court erred in holding that he had failed to exhaust his union remedies. With respect to Guiffre's discipline claim, it is undoubtedly true that the district court was correct. When Guiffre filed his complaint, his appeal from the sentence of the trial committee was still before the national union.
 
 
 24
 Guiffre, however, contends that the union, local or national, has done nothing to remedy his grievances arising out of his alleged abuse by Saltz. Since we have previously held that Guiffre's complaints about this purported misconduct do not state a cause of action, it is unnecessary for us to consider whether Guiffre has exhausted his internal remedies with respect to his "infringement" claims.
 
 V
 
 25
 For the foregoing reasons, the summary judgment granted below is AFFIRMED.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation