78 F.3d 585
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darryl SMITH, Plaintiff-Appellant,
v.
Raymond CAPOTS; Zakee Mumin; B. Eric Flannery, Defendants-Appellees.
 No. 94-3842.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1996.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges; WISEMAN, District Judge.*
 
 ORDER
 
 2
 Darryl Smith, a pro se Ohio prisoner, appeals a district court judgment in favor of the defendants in his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Smith sued the chairman (Capots) of the Ohio Adult Parole Authority (OAPA), a case manager at Orient Correctional Institution (Mumin), Smith's parole officer (Flannery), and the warden (Zent) of Madison Correctional Institution (MaCI) for allegedly violating his constitutional rights in connection with his initial release on parole, subsequent parole revocation, and alleged harassment and beatings in retaliation for his legal activities. Smith requested compensatory and punitive damages.
 
 
 4
 On June 19, 1992, the district court granted the defendants' motion to dismiss Smith's complaint insofar as it challenged the constitutionality of his incarceration on the ground that such a challenge could only be brought in a federal habeas corpus petition. Subsequently, and upon consent of the parties, the case was referred to a magistrate judge for disposition. In an opinion and order filed on July 29, 1994, the magistrate judge granted the defendants' motion for summary judgment. The magistrate judge (hereafter referred to as the district court) concluded that Smith's claims relating to the revocation of his parole were barred by res judicata and that, because the invalidity of his incarceration was a necessary element of his claim for damages, he must first establish that invalidity through a writ of habeas corpus. She further found that Smith had offered no evidence to support his claim of retaliatory transfer or that the alleged taking of his legal papers denied him access to the courts. Finally, although deposition testimony tended to support his claim that he had been harassed and beaten as a result of his activities as a jailhouse lawyer, he had presented no evidence that the named defendants were actually involved in those acts. A separate judgment was entered on August 1, 1994.
 
 
 5
 Proceeding pro se on appeal, Smith complains that the district court did not consider his "pro se last filed amended complaint" or his motions to alter or amend the judgment, all filed after his notice of appeal. He cites those documents, copies of which are attached to his brief, for specific issues to be raised. The defendants have filed a motion to dismiss the case and revoke Smith's pauper status.
 
 
 6
 Upon careful considerations, we deny the motion to dismiss. We affirm the district court's judgment because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). However, because of Smith's scurrilous and threatening filings and communications during the course of this action, we assess costs against him, subject to his timely motion for reconsideration.
 
 
 7
 Defense counsel moves to dismiss this appeal and revoke Smith's pauper status for threatening, scurrilous, and contumacious language and conduct. Although it is clear that the allegations made in the motion to dismiss are true, Rule 8(a), Rules of the Sixth Circuit, provides that a motion to dismiss should assert only jurisdictional grounds. See Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987) (order); United States v. $83,320 in U.S. Currency, 682 F.2d 573, 575 (6th Cir.1982). In addition, this case has already been docketed in forma pauperis and revocation of Smith's pauper status would not affect this appeal. For these reasons, even though Smith's conduct is inappropriate and even reprehensible, we deny the motion to dismiss and to revoke pauper status and address the merits of the appeal.
 
 
 8
 We affirm the district court's grant of summary judgment for the reasons stated in its opinion and order.
 
 
 9
 Smith's issues relating to his parole revocation were properly dismissed under the doctrine of res judicata. Smith had a fair opportunity to fully litigate his parole revocation claims in a mandamus/habeas corpus action brought before the Ohio Court of Appeals, Tenth Appellate District. In State ex rel. Smith v. Ohio Adult Parole Auth., No. 92AP-1411, 1993 WL 212846 (Ohio App. 10th Dist. June 17, 1993), the Ohio court held that Smith's guilty plea at his revocation hearing constituted a waiver of the alleged defects at his on-site probable cause hearing. Smith argues that claim preclusion does not apply in this case because the defendants in the state action differed from the defendants in the instant case. However, both Capots (as director) and Flannery (as parole officer) are privies of the OAPA and thus satisfy the requirements for res judicata.
 
 
 10
 Since Mumin is not an employee of the OAPA, the state court decision, arguably, does not preclude Smith's action against him for his role in the revocation of Smith's parole. Nonetheless, the claim was still properly dismissed as to Mumin. A state prisoner does not state a cognizable § 1983 claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Thus, Smith's claim for damages due to the alleged improprieties of his parole revocation is simply not cognizable at this time. Id. at 2373.
 
 
 11
 Smith also claims that, since his reincarceration, he has been threatened with punishment if he continues this litigation, his papers and documents have been seized and destroyed, and he has been harassed and beaten by prison guards and officers. Allegations of mere harassment do not rise to the level of a constitutional violation. Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir.1987) (per curiam). However, Smith also alleged that this harassment constitutes retaliation for pursuing this and other litigation. Government officials may not retaliate against persons who have participated in constitutionally protected conduct. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). Such a claim is construed as a substantive due process claim. See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). The district court, nevertheless, properly granted the defendants summary judgment as to this claim. To warrant relief, an inmate's rights must actually be denied and not merely threatened to be denied. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir.1989); Macko v. Byron, 760 F.2d 95, 97 (6th Cir.1985) (per curiam).
 
 
 12
 Further, not every push or shove, even if it appears to be unnecessary, violates a prisoner's constitutional rights. Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir.1992). More importantly, Smith does not allege that the named defendants participated in the harassment and beatings. His attempts to hold Warden Zent responsible for the actions of the guards and officers at MaCI are unavailing. The doctrine of respondeat superior does not apply in § 1983 actions to impute liability onto supervisory personnel. Taylor v. Michigan Dep't of Corrections, 69 F.3d 76, 80-81 (6th Cir.1995). Smith has not rebutted the sworn affidavit of Zent that he never attempted to influence or threaten Smith regarding any legal matter and that he first became aware of Smith's allegations when Smith filed a lawsuit in August 1992.
 
 
 13
 Smith also contends that his legal papers were seized and destroyed, presumably interfering with his right of access to the courts. This issue is meritless for three reasons. First, he does not specifically identify what documents were taken, rendering the claim vague and conclusory. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Second, he does not identify any ongoing court case which was prejudiced by the removal of the papers. See Sowell v. Vose, 941 F.2d 32, 35 (1st Cir.1991); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Third, the prolific filings produced by Smith in this and other cases belies any significant interference with his access to the courts.
 
 
 14
 Smith complains in his brief on appeal that the district court did not consider the allegations and case law presented in his pro se motions to alter or amend the judgment or his second amended complaint. All three documents were filed after Smith's August 5, 1994, notice of appeal. By order of this court filed December 14, 1994, this appeal was held in abeyance pending the district court's ruling on the Fed.R.Civ.P. 59 motions. On September 25, 1995, the district court filed a 13-page opinion and order which addressed and denied these and other motions in detail. The district court's analysis appears to be correct.
 
 
 15
 Finally, we impose sanctions against Smith in the form of costs pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38, and remand this case to the district court for a determination of the costs incurred by the defendants in this appeal and Smith's ability to pay this sanction. See Sales v. Marshall, 873 F.2d 115, 120 (6th Cir.1989). Because Rule 38 now requires a separately filed motion or notice from the court and reasonable opportunity to respond, we hereby notify Smith of his right to respond to this court's imposition of sanctions in a timely-filed motion for reconsideration. Sanctions are warranted in this case because of Smith's repeated filings and other communications filled with highly scurrilous and libelous accusations and improper sexual remarks. His latest communication to defendants' counsel is threatening.
 
 
 16
 Accordingly, the motion to dismiss is denied. The district court's judgment, entered on August 1, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. Costs of this appeal are assessed against Smith, pending reconsideration, and the case is remanded to the district court for a determination of those costs and of Smith's ability to pay.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation