848 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mike PATE-EL, Plaintiff-Appellant,
v.
John GLUCH, Mr. Feenigan, Dr. Coleman, Defendants-Appellees.
 No. 87-2078.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1988.
 
 Before KEITH and WELLFORD, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff brought this complaint in the district court alleging various violations of his constitutional rights following an assault. The matter was referred to a magistrate who recommended dismissing the complaint. The district court adopted this recommendation, and this appeal followed.
 
 
 3
 Upon consideration, we agree with the district court's disposition of this case. The doctrine of respondeat superior cannot be used to impute liability onto supervisors Gluch and Feenigan because plaintiff did not allege that they condoned, encouraged, or participated in the alleged conduct. See Alioto v. City of Shively, 835 F.2d 1173 (6th Cir.1987); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984). In addition, Coleman is immune from suit pursuant to 42 U.S.C. Sec. 233.
 
 
 4
 Plaintiff also did not establish deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff's medical records show an immediate and ongoing pattern of treatment.
 
 
 5
 Furthermore, there was no constitutional violation when defendants allegedly failed to protect plaintiff from his fellow inmate. Plaintiff did not establish gross negligence or deliberate indifference by the defendants to his risk of injury. See Stewart v. Love, 696 F.2d 43, 44 (6th Cir.1982) (per curiam). At best, these defendants were merely negligent. This does not state an eighth amendment claim. See Roberts v. City of Troy, 773 F.2d 720, 722-25 (6th Cir.1985); Stewart, 696 F.2d at 44.
 
 
 6
 Finally, the court has not reviewed whether plaintiff's hearing satisfied due process concerns because this issue was not raised on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 The district court's judgment is accordingly affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.