849 F.2d 610
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard Clarence POWELL, Plaintiff-Appellant,
v.
James L. KELLEY, Defendant-Appellee,
Benjamin Taylor, Defendant.
 No. 87-1684.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1988.
 
 Before CORNELIA G. KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se plaintiff appeals a judgment of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. He now moves for the appointment of counsel. Upon review of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, a Michigan prisoner, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Eastern District of Michigan. As the basis of his claim for both punitive and compensatory damages, he alleged that during the course of his incarceration at the Saginaw County Jail, he had not been afforded adequate protection from another inmate; that, after his injury at the hands of that individual, he had not received prompt medical care; and that his incoming legal mail had been opened outside his presence. Plaintiff named only the director of the Saginaw County Jail, Sheriff James L. Kelley, as defendant. Eventually, those claims were the subject of a two-day bench trial at which plaintiff was represented by appointed counsel. At the close of plaintiff's case, however, the district court granted defendant's motion for a directed verdict and dismissed the complaint. This appeal followed.
 
 
 3
 A motion for directed verdict should be granted if the district court, viewing the evidence and the inferences that can reasonably be drawn therefrom in the light most favorable to the party opposing the motion, can conclude that there is a complete absence of pleading or proof on an issue or issues material to the cause of action or there are no controverted issues of fact upon which reasonable persons could differ. King v. Love, 766 F.2d 962, 969 (6th Cir.), cert. denied, 474 U.S. 971 (1985). The district court properly applied that standard to each of plaintiff's claims. First, as established by plaintiff's own testimony, his claim regarding his injury at the hands of another inmate is virtually identical to that presented in Davidson v. Cannon, 474 U.S. 344 (1986), and therefore is not actionable under 42 U.S.C. Sec. 1983. Likewise, the evidence adduced at trial clearly establishes that plaintiff's claims against defendant for the denial of medical care and the interference with his mail are grounded upon the theory of respondeat superior. As a result, they may not serve as the basis of the imposition of liability upon defendant. Alioto v. City of Shively, 835 F.2d 1173, 1175 (6th Cir.1987).
 
 
 4
 Accordingly, the motion for appointment of counsel is hereby denied and the district court's final order entered July 14, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.