860 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
E. Tyrone COLLINS, Plaintiff-Appellant,
v.
James J. BLANCHARD, Defendant-Appellee.
 No. 88-1491.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1988.
 
 Before MERRITT, BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(b), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff sued Governor James J. Blanchard and the Michigan Judicial System pursuant to 42 U.S.C. Sec. 1983 for alleged constitutional violations attendant to his arrest, conviction and incarceration on two counts of criminal sexual conduct. The district court dismissed the suit as frivolous pursuant to 28 U.S.C. Sec. 1915(d) upon concluding that the plaintiff had failed to allege the personal involvement of the named defendant. On appeal, Collins argues that Governor Blanchard acts in a supervisory capacity over judicial officials.
 
 
 3
 Upon review, we affirm the judgment of the district court. The theory of respondeat superior imparts no liability to a supervisory official who is not alleged to have condoned, encouraged or participated in the alleged misconduct. See Alioto v. City of Shively, 835 F.2d 1173, 1175 (6th Cir.1987). Additionally, the majority of Collins' claims are essentially a challenge to the validity, fact and duration of confinement. The sole remedy available to the plaintiff is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The federal courts may not entertain a Sec. 1983 suit where a ruling on the claims would imply that a state conviction is or would be illegal. See Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam).
 
 
 4
 Finally, the vague and conclusory allegations of Collins' complaint fail to state a claim. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1984).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.