863 F.2d 48
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard D. JOHNSON, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Dale Foltz, Officer Barker, Sharon,
Michigan State Department of Corrections,
Defendants-Appellees.
 No. 88-1731.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1988.
 
 Before LIVELY and DAVID A. NELSON, Circuit Judges, and JOHN PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Richard D. Johnson, a pro se Michigan prisoner, alleged eighth amendment violations, naming four prison officials and the Michigan Department of Corrections as defendants. The district court entered an order dismissing the Michigan Department of Corrections, Brown and Foltz as parties to the suit. Service of the complaint was ordered upon the remaining two defendants, but service of process has not been effectuated.
 
 
 3
 This court has jurisdiction in the instant appeal. Named defendants who are not served a summons are not parties to the action and need not be counted for the purpose of Fed.R.Civ.P. 54(b). See Nagle v. Lee, 807 F.2d 435, 438 (5th Cir.1987); Bristol v. Fibreboard Corp., 789 F.2d 846 (10th Cir.1986) (per curiam).
 
 
 4
 Upon review we conclude that the district court properly dismissed Foltz, Brown and the Michigan Department of Corrections as defendants. The doctrine of respondeat superior has no application here, absent an allegation that the defendants were following the government's policies or customs. See Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983). Johnson failed to allege any personal involvement on the part of Foltz or Brown in the alleged constitutional violations. See Alioto v. City of Shively, 835 F.2d 1173, 1175 (6th Cir.1987); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984). Finally, the Michigan Department of Corrections is immune from an action in federal court for damages or injunctive relief. See generally Welch v. State Dep't of Highways and Public Transp., 107 S.Ct. 2941, 2945-46 (1987). See also Kelley v. Metropolitan County Bd. of Educ., 836 F.2d 986, 988-89 (6th Cir.1987); Abdick v. Michigan, 803 F.2d 874, 876-77 (6th Cir.1986).
 
 
 5
 Accordingly, the request in Johnson's brief for appointment of counsel and transcript at government expense is denied and the judgment of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.