899 F.2d 1222
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jesse MOORE, Plaintiff-Appellant,
v.
Willie ANGEL; Pat Kosh, Defendants-Appellees.
 No. 89-5463.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1990.
 
 1
 Before KEITH and RYAN, Circuit Judges; and JAMES P. CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Plaintiff, Jesse Moore, appeals a judgment of the district court entered pursuant to a jury verdict in favor of defendants in a civil rights action. He now moves for the appointment of counsel. Upon review of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff, a Tennessee prisoner, tendered an application for leave to proceed in forma pauperis and a complaint pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Eastern District of Tennessee. Seeking only monetary damages, he alleged that during his incarceration at the Southeastern Tennessee State Regional Correctional Facility (STSRCF), two nurses at that institution, defendants Angel and Kosh, had refused to provide him with medical care for his ruptured appendix in violation of his eighth amendment right to freedom from cruel and unusual punishment. In addition, plaintiff named the warden and two other supervisory officials at STSRCF as defendants due to their failure to respond to various grievances and requests for information which he had submitted in regard to his attempts to obtain medical assistance. Finally, plaintiff also included the state of Tennessee and Steven Norris, the director of that state's Department of Corrections, as defendants.
 
 
 4
 Upon review of those allegations, the district court granted the request for pauper status and directed service of the complaint upon all the defendants except Norris and the state of Tennessee. As to plaintiff's claims against those parties, the district court determined that they were either improperly grounded upon the theory of respondeat superior or were barred by the eleventh amendment. Accordingly, the district court concluded that those claims were frivolous and ordered their dismissal pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 5
 Plaintiff's remaining claims were subsequently the subject of a jury trial. At the conclusion of testimony, the district court, based upon the conclusion that there was no evidence to prove that defendants Livesay, Dodson and Lewis were responsible for plaintiff's injuries, granted their motion for a directed verdict. Finally, the jury found that defendants Kosh and Angel had not been deliberately indifferent to plaintiff's medical needs and rendered a verdict in their favor. Upon the entry of a final judgment to that effect, plaintiff filed this appeal.
 
 
 6
 Based upon a careful review of the record, this court has concluded that the district court did not err in its disposition of plaintiff's claims. First, plaintiff's claims against defendants Norris and the state of Tennessee are improperly grounded upon the theory of respondeat superior and are barred by the eleventh amendment. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311 (1989); Alioto v. City of Shively, 835 F.2d 1173, 1175 (6th Cir.1987). The district court, therefore, properly dismissed those claims as frivolous under 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). Next, the district court correctly granted a directed verdict in favor of defendants Livesay, Lewis and Dodson as the transcript of trial is completely devoid of any evidence upon which a jury could have concluded that those individuals had injured him by failing to respond to his grievances and requests for information. Agristor Leasing v. A.O. Smith Harvestore Prod., Inc., 869 F.2d 264, 268 (6th Cir.1989). Finally, this court will not disturb the verdict in favor of defendants Angel and Kosh as the trial transcript contains ample evidence to support the jury's finding that they had not been deliberately indifferent to plaintiff's medical needs in violation of the eighth amendment. Ivey v. Wilson, 832 F.2d 950, 953 (6th Cir.1987) (per curiam).
 
 
 7
 Accordingly, the motion for the appointment of counsel is denied and the district court's final judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation