902 F.2d 34
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fardee MULAZIM, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; Perry Johnson; Robert
A. Berles; Robert E. Weiss, Gen. Cnty, Pros.,
Defendants-Appellees.
 No. 89-2234.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1990.
 
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Fardee Mulazim, a Michigan prisoner proceeding pro se and in forma pauperis, appeals the judgment of the district court, dismissing without prejudice his cause of action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On July 1, 1982, Mulzaim filed a civil rights action against Perry Johnson, Robert Berles, and the Michigan Department of Corrections. Johnson is the Director of the Department of Corrections and Berles is the Treatment Director and Chaplain Advisory Committee Chairman.
 
 
 3
 Mulazim is the founder and incorporator of a religion recognized by the Michigan Department of Corrections. In the original complaint, Mulazim sought the certification of a class made up of "Melanic Muslims" (adherents of his religion) incarcerated in Michigan prisons. He also claimed defendants violated his civil rights by transferring him to another prison, by confiscating items of personal property, and by denying a place of worship to the Melanic Muslims. Mulazim sought declaratory and injunctive relief as well as eight million dollars in punitive damages and thirty thousand dollars against each defendant in compensatory damages.
 
 
 4
 Mulazim's complaint that the "Melanics" were denied a place of worship was settled by a consent decree entered in Islamic Palace of the Rising Sun v. Michigan Department of Corrections, Civil No. 82-72083 (E.D.Mich.).
 
 
 5
 The district court dismissed Berles from the case but allowed Mulazim to proceed against Johnson on the claims that Mulazim was deprived of personal property without due process of law on August 10, 1978, and on February 19, 1982. All other claims against Johnson were dismissed. Mulazim was also allowed to pursue the amended allegation that he had been unlawfully transferred between prisons in retaliation for practicing his faith.
 
 
 6
 Mulazim, however, failed to amend his complaint as suggested by the district court and therefore failed to name any defendants who are responsible for the alleged property deprivations and unlawful transfers. On August 31, 1989, the district court dismissed the complaint in its entirety.
 
 
 7
 Upon review, we find no error with the district court's judgment. Mulazim fails to connect Johnson, personally, to the alleged loss of property. Liability may not be predicated on the doctrine of respondeat superior, and Mulazim has failed to allege that Johnson condoned, encouraged, or participated in the alleged misconduct. Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989); Alioto v. City of Shively, 835 F.2d 1173, 1175 (6th Cir.1987. Furthermore, Mulazim's contention that Johnson acquiesced in the unlawful taking of his property is unsubstantiated by the facts here.
 
 
 8
 Accordingly, for the reasons set forth in the district court's order dated August 31, 1989, we hereby affirm the judgment of the district court pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. Mulazim's request for counsel is denied.