985 F.2d 559
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert GAMLER, Plaintiff-Appellant,
v.
Robert BULFORD, et al., Defendants-Appellees.
 No. 92-3451.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1993.
 
 Before KEITH and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Gamler, a pro se plaintiff, appeals the district court's order dismissing his amended civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and injunctive relief, as well as $80 million in damages, Gamler sued 39 individuals and government entities for allegedly violating his rights under the Constitution and state law. His complaint generally claimed that the defendants participated in a conspiracy to falsify evidence in the drug trafficking case of Albert Thrower and his brother, Thomas, and to defraud Albert Thrower out of 141 parcels of real property through a "rigged bid" forfeiture. He further alleged that the defendants conspired to testify falsely to a grand jury in order to prevent him from presenting exculpatory evidence in the Thrower case. Although the resulting indictment against him was later dismissed, Gamler claims that the adverse publicity cost him his job and caused emotional distress.
 
 
 3
 In a report issued March 13, 1992 as amended, a magistrate judge recommended that Gamler's complaint be dismissed for failure to meet the statute of limitations. He also recommended the award of reasonable attorneys fees in a separate order. Gamler filed timely objections. Although the district court recognized the potential time-bar, it considered Gamler's substantive issues and dismissed the complaint in an opinion and order filed April 8, 1992, after finding them to be meritless. On appeal, Gamler continues to argue the merits of his claims.
 
 
 4
 Upon review, we affirm the district court's order because, when Gamler's complaint is construed in a light most favorable to him and all of his factual allegations are accepted as true, Gamler undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990).
 
 
 5
 Gamler's causes of action based upon the alleged conspiracy to present false grand jury testimony fail to state a claim because grand jury witnesses are absolutely immune from liability for damages under § 1983. See Alioto v. City of Shively, 835 F.2d 1173, 1174 (6th Cir.1987). This immunity also applies to alleged conspiracies to give false or incomplete testimony in grand jury proceedings. Id.
 
 
 6
 Moreover, Gamler has failed to state a claim for declaratory or injunctive relief. His broad-based and conclusory allegations of conspiracy, unsupported by specific facts, need not be accepted as true for Rule 12(b)(6) purposes. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Thus, they will not support a claim for declaratory or injunctive relief under § 1983.
 
 
 7
 As to the causes of action relating to the alleged falsification of evidence and conspiracy to defraud Albert Thrower, the district court correctly found that Gamler does not have standing to assert those claims. See Heimberger v. School Dist. of City of Saginaw, 881 F.2d 242, 245 (6th Cir.1989).
 
 
 8
 Finally, because Gamler's amended complaint does not raise a substantial federal claim, his pendent state claims were also properly dismissed. See UMWA v. Gibbs, 383 U.S. 715, 722 (1966); Wal-Juice Bar, Inc. v. Elliott, 899 F.2d 1502, 1503 (6th Cir.1990).
 
 
 9
 Accordingly, the district court's order, filed April 8, 1992, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.