996 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rose MECKLEY, Plaintiff-Appellant,
v.
FCI LEXINGTON MAILROOM STAFF; Michael Quinlan, Director;
Federal Bureau of Prisons, Defendants-Appellees.
 No. 92-6105.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1993.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Pro se plaintiff, Rose Meckley, appeals the district court's order dismissing her Bivens[1] action against the mail room staff at the Federal Correctional Institute in Lexington, Kentucky (F.C.I. Lexington), and against Michael Quinlan, the Director of the Federal Bureau of Prisons (B.O.P.).[2] She argues that defendants violated her right to free speech when they opened her incoming legal mail. For the following reasons, we AFFIRM.
 
 I.
 
 2
 Plaintiff alleges that on six occasions during the summer of 1990, defendants opened her incoming legal mail out of her presence while she was imprisoned at F.C.I. Lexington. She does not claim that opening non-legal mail is unconstitutional. Nor does she claim that opening legal mail in her presence is unconstitutional. Her complaint turns on the alleged fact that she was absent when prison officials opened the legal packages addressed to her. This action, she claims, violated her First Amendment right to free speech. She seeks unspecified money damages, attorney fees, and costs.[3]
 
 
 3
 B.O.P. Regulations distinguish between two types of mail: "general" and "special." Prison officials can open and read general correspondence before delivering it to the inmate. In contrast, special mail can be opened and inspected only in the prisoner's presence, but can never be read by prison officials. Special mail includes correspondence sent from an inmate's attorney and from courts. However, to be treated as special mail, these parcels must be marked "Special Mail--Open only in the presence of the inmate." 28 C.F.R. § 540.18[4]
 
 
 4
 Plaintiff challenges the constitutionality of the presumption that all incoming mail is general correspondence unless the mail is marked "Special Mail--Open only in the presence of the inmate." Plaintiff argues that although special mail from an attorney should bear the special marking, special mail from the courts should not have to bear the marking in order to be accorded special status. She therefore contends that even though her mail sent from the court lacked the special marking, it should not have been opened and read in her absence.
 
 
 5
 The district court dismissed the complaint for three independent reasons. First, the court held that plaintiff had failed to allege a violation of the First Amendment. Second, the court held that plaintiff had failed to allege a specific injury. Third, the court held that with respect to defendant-Quinlan, plaintiff's claim was brought under the theory of respondeat superior, which cannot support a constitutional claim.
 
 II.
 A.
 
 6
 The free speech clause of the First Amendment has only limited application to cases involving an inmate's attempt to communicate with non-inmates. See Turner v. Safely, 482 U.S. 78, 84-90 (1987). This restricted application is the product of competing constitutional concerns: the fundamental and individual right to free speech and respect for the separation of powers, "which counsel[s] a policy of judicial restraint" in matters related to the management of penal institutions.[5] Id. at 84-85. In Turner, the Court stated that the tension between these two constitutional concerns dictates a relaxed level of scrutiny. Thus, the Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Id. at 89.
 
 
 7
 The Seventh Circuit has held that requiring mail from court personnel to be marked "special mail" in order to be treated as "special mail" is a valid prison regulation. Martin v. Brewer, 830 F.2d 76, 78-79 (7th Cir.1987). In Martin, the court of appeals noted initially that First Amendment concerns often give way to legitimate penological interests. Id. at 77-78 (citing Turner, 482 U.S. at 92-93; Procunier v. Martinez, 416 U.S. 396, 408 (1974)). Turning to the claim that court mail should not have to be specifically marked to be treated as special mail, the court noted first that the notation requirement could be easily complied with by court personnel who could be expected to know of the requirement. Second, the court emphasized the fact that court mail contains matters of public record. The court of appeals stated:
 
 
 8
 [T]here is another consideration in play regarding court mail: with minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files. It is therefore not apparent to us why it should be regarded as privileged and how [the plaintiff] could be hurt if the defendant read these documents before or after [the plaintiff] does.
 
 
 9
 Id. at 78. The court therefore affirmed the district court dismissal of this claim. Id. at 79. We find the reasoning of Martin convincing and adopt it as our own; therefore, under the rationale of Martin, we find that plaintiff has not stated a constitutional claim.
 
 B.
 
 10
 Defendant-Quinlan was dismissed because plaintiff failed to allege any personal involvement on his part. The district court concluded that plaintiff had impermissibly proceeded against Quinlan under the theory of respondeat superior and therefore dismissed him under Alioto v. Shivley, 835 F.2d 1173, 1175 (6th Cir.1987). We agree that Alioto required Quinlan's dismissal.
 
 III.
 
 11
 For all of the reasons stated, we AFFIRM the district court's order dismissing plaintiff's complaint.
 
 
 
 [1]
 Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) held that a cause of action for damages arises under the Constitution when Fourth Amendment rights are violated
 
 
 [2]
 The district court adopted a Magistrate Judge's Report and Recommendation (R & R) and, pursuant to the R & R, entered an order dismissing plaintiff's complaint
 
 
 [3]
 When she filed her complaint, plaintiff was incarcerated at F.C.I. Lexington. During the pendency of this lawsuit, she was released from prison; therefore, her claim for injunctive relief is moot
 
 
 [4]
 In relevant part, 28 C.F.R. § 540.18 provides:
 (a) The Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail. The correspondence may not be read or copied if the sender is adequately identified on the envelope, and the front of the envelope is marked "Special Mail--Open only in the presence of the inmate."
 (b) In the absence of either adequate identification or the "special mail" marking indicated in paragraph (a) of this section appearing on the envelope, staff may treat the mail as general correspondence and may open, inspect, and read the mail.
 
 
 [5]
 The Court recognized that the duty of managing safe and effective penal institutions is vested in the legislative and executive branches. Turner, 482 U.S. at 85