37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Luqman ABDULLAH, Plaintiff-Appellant,
v.
Judge Penny HARRINGTON; Ann S. Ross; Glenn F. Ross; Lisa
McCarter, Defendants-Appellees.
 No. 94-5358.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 Before: NELSON, SUHRHEINRICH and SILER, Circuit Judges.
 
 ORDER
 
 1
 Luqman Abdullah, a pro se Tennessee citizen, appeals the summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The basic facts underlying Abdullah's civil rights action are set forth in the magistrate judge's report and recommendation and will not be repeated here. Suffice it to say that Abdullah sued a Davidson County General Sessions Judge (Penny Harrington) and three private individuals (Glenn Ross, Ann Ross, and Lisa McCarter), alleging that the defendants violated his rights under the Eighth and Fourteenth Amendments. Specifically, Abdullah alleged that Judge Harrington refused to allow him to obtain an attorney or to appoint one for him and also refused to allow him to cross-examine witnesses during a May 21, 1992, hearing that charged Abdullah with violating certain municipal codes. Abdullah also alleged that the court proceedings were the result of a conspiracy against him which was initiated by the three private individuals who swore out the complaints which led to the issuance of the civil warrants. He further alleged that all three private individuals told him that "they would retaliate against [him] and that Judge Harrington was going to do a favor of convicting [Abdullah] and a stiff fine [sic]." Lastly, Abdullah alleged that he spent five days in jail "without medication, mental anguish, and other forms of punishment [sic]." He sought injunctive and monetary relief.
 
 
 3
 The defendants filed separate motions for summary judgment. The magistrate judge recommended that summary judgment be entered in favor of the defendants. Despite Abdullah's objections, the district court adopted the report and recommendation in an order entered March 2, 1994.
 
 
 4
 Upon review, we conclude that summary judgment was proper, as Abdullah did not establish the existence of any genuine issue of material fact and the defendants were entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); see LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 5
 Judge Harrington is entitled to a judgment as a matter of law. Having acted within her official capacity and within the scope of her jurisdiction, Judge Harrington is protected by absolute immunity from civil liability for actions taken in relation to the allegations set forth in Abdullah's complaint. Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286, 288 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Even if Judge Harrington's actions were in error, immunity attaches to preclude civil liability for damages. Stump, 435 U.S. at 356.
 
 
 6
 To the extent Abdullah sought injunctive relief in the form of another hearing on whether or not he violated the municipal ordinances, this court has held that "absent extraordinary circumstances" federal courts "must abstain from granting declaratory or injunctive relief because doing so would involve unduly intrusive interference with, and monitoring of, the day-to-day conduct of state court hearings and trials." Sevier v. Turner, 742 F.2d 262, 270 (6th Cir.1984). The equitable relief requested by Abdullah is not an appropriate federal remedy but is a function for the state court of appeals.
 
 
 7
 Defendants McCarter and the Rosses are entitled to a judgment as a matter of law. These defendants were not acting under color of state law as is required in a Sec. 1983 action. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978). Abdullah's allegations of a conspiracy were totally conclusory, lacking in supporting evidence and were wholly insufficient to show that these defendants acted under color of state law. Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986); Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985). Further, even if Abdullah's allegations of a conspiracy satisfy the "under color of state law" requirement, "[s]ection 1983 does not ... punish conspiracy; an actual denial of a civil right is necessary before a cause of action arises." Goldschmidt v. Patchett, 686 F.2d 582, 585 (7th Cir.1982). See also, Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).
 
 
 8
 Lastly, defendants McCarter and the Rosses are entitled to judgment to the extent that Abdullah alleged that these defendants gave false testimony in the state court proceedings. These defendants are absolutely immune from liability for damages under Sec. 1983 for their testimony given as witnesses. See Alioto v. City of Shively, 835 F.2d 1173, 1174 (6th Cir.1987). This immunity also applies to alleged conspiracies to give false or incomplete testimony. Id.
 
 
 9
 Abdullah's remaining issues on appeal are without merit.
 
 
 10
 For the foregoing reasons, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.