**Donna Zoe DILLIHUNT, Plaintiff,**

v.

**Sheri Dyann HITCHCOCK, Defendant.**

No. 98–2706–D/A.

United States District Court,
W.D. Tennessee,
Western Division.

Jan. 28, 1999.

Alan B. Chambers, Handel R. Durham, Jr., Chambers & Durham, Memphis, TN, for Plaintiff.

Brian J. Quarles, U.S. Attorney's Office, Memphis, TN, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

DONALD, District Judge.

Before the court is Defendant's, Sheri Dyann Hitchcock, motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hitchcock contends that she is absolutely immune from suit because Plaintiff's allegations arise from testimony she offered as a witness before a grand jury and petit jury. Plaintiff's complaint alleges that Defendant violated her rights under the Fourth, Fifth and Sixth Amendments to the United States Constitution by her false and/or reckless testimony before the grand jury and at trial. Plaintiff brings an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) for alleged constitutional violations suffered at the hands of a federal agent. Pursuant to this claim, Plaintiff avers that Defendant's investigation of her and subsequent false and/or reckless testimony directly and proximately resulted in her incurrence of criminal defense litigation expenses, loss of wages, loss of reputation and great mental pain and anguish.

For the following reasons, the court grants Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's complaint.

### I. FACTS

Defendant was a special agent of the Office of Inspector General, United States Department of Housing and Urban Development. (Pl.'s Compl. ¶ 6). In this capacity, Defendant investigated potential violations of federal laws concerning Section 8 benefits and testified in subsequent prosecutions for violations of those laws. (Pl.'s Compl. ¶ 6). Defendant commenced an investigation of Section 8 housing assistance paid on behalf of Pamela Allen ("Allen") for the lease of a residence located at 1022 University Avenue, Memphis, Tennessee. (Pl.'s Compl. ¶ 7). As a result of her investigation, Defendant determined that Allen should not have received housing assistance for the property at 1022 University Avenue because the owner of that property was not an approved Section 8 landlord. (Pl.'s Compl. ¶ 8). Defendant concluded that Allen had cooperated with a friend, Aaron Cathey ("Cathey"), to falsely represent Cathey as the owner of the property. (Pl.'s Compl. ¶ 8).

Defendant's investigation also led her to believe that Plaintiff was involved in this illegal conduct. (Pl.'s Compl. ¶ 9). At the

time, Plaintiff was an employee of the Memphis Housing Authority ("MHA") and administered Section 8 housing benefits for MHA. (Pl.'s Compl. ¶ 5). Defendant believed that Plaintiff, as a MHA employee, had instructed Allen that she should identify anyone, irrespective of whether that person was the true owner of the property, as her landlord in order to obtain Section 8 housing benefits. (Pl.'s Compl. ¶ 9).

On June 27, 1996, Defendant appeared and testified before a grand jury in the Western District of Tennessee. (Pl.'s Compl. ¶ 10). Plaintiff avers that Defendant made several false statements during her grand jury testimony. (Pl.'s Compl. ¶ 10). At the conclusion of the grand jury's investigation, an indictment was returned against the Plaintiff. (Pl.'s Compl. ¶ 11). Plaintiff alleges that Defendant's false statements led the grand jury to erroneously return a true bill and resulted in her indictment. (Pl.'s Compl. ¶ 11). Plaintiff's subsequent criminal trial began on August 13, 1997. (Pl.'s Compl. ¶ 14). During the trial, Defendant testified on behalf of the government. (Pl.'s Compl. ¶ 13). Plaintiff avers that Defendant testified falsely or in reckless disregard of the truth. (Pl.'s Compl. ¶ 13). Notwithstanding these allegations, the jury returned a not guilty verdict as to Plaintiff on August 18, 1997. (Pl.'s Compl. ¶ 14).

## II. STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure enables a defendant to file a motion to dismiss for a plaintiff's failure to state a claim upon which relief can be granted. Motions to dismiss under Rule 12(b)(6) are designed to test "whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). Dismissal of a complaint for failure to state a claim streamlines litigation by "dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Dismissal under Rule 12(b)(6) is appropriate where there is no set of facts which would entitle the plaintiff to recover. *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir.1989). In reviewing a defendant's Rule 12(b)(6) motion to dismiss, a district court should construe the complaint in the light most favorable to the plaintiff, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for. Human Resources*, 902 F.2d 474, 475 (6th Cir.1990), *cert. denied*, 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990). If an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1039–40 (6th Cir.1991). As the Supreme Court said in *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon* at 73, 104 S.Ct. 2229.

A district court may not grant a defendant's Rule 12(b)(6) motion to dismiss based on its disbelief of the plaintiff's factual allegations. *In Re Sofamor Danek Group, Inc.*, 123 F.3d 394 (6th Cir.1997), *cert. denied*, *Murphy v. Sofamor Danek Group*, — U.S. ——, 118 S.Ct. 1675, 140 L.Ed.2d 813 (1998). It is not the court's function to weigh evidence or evaluate the credibility· of witnesses. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Rather, the court should accept all well-pleaded facts as true and not consider matters outside the pleadings. *Hammond* at 175.

Although a court reviewing a Rule 12(b)(6) motion to dismiss should construe the plaintiff's complaint liberally, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid* at 436. Rather, a plaintiff's complaint will not survive a motion to dismiss under Rule 12(b)(6) unless it contains "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* Accordingly, a district court need not accept as true conclusions of law or unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987).

## III. DISCUSSION

The doctrine of absolute immunity for the testimony of witnesses has a long and well-

settled history in this country's jurisprudence. In *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), the Supreme Court provided extensive analysis of the policies served by granting absolute immunity to witnesses. The Court explained that allowing lawsuits against witnesses for their testimony at trial could produce two forms of self-censorship. *Briscoe* at 333, 103 S.Ct. 1108. First, such liability might create a disincentive for witnesses to come forward to testify. *Id.* Second, potential liability for trial testimony may induce witnesses to distort their testimony in an effort to avoid future lawsuits.[1] Thus, allowing witnesses to be held liable for their testimony could undermine the truth-seeking function of the judicial process. The Court also noted that other federal courts had expressed the view that absolute immunity for witnesses was required to prevent honest witnesses from being held liable merely because they were unable to prove the truth of their statements. *Id.*

The doctrine of absolute immunity has also been extended to grand jury witnesses. *See Alioto v. City of Shively, Kentucky*, 835 F.2d 1173, 1174 (6th Cir.1987); *Macko v. Byron*, 760 F.2d 95, 97 (6th Cir.1985); *Kincaid v. Eberle*, 712 F.2d 1023 (7th Cir.1983), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 551, 78 L.Ed.2d 725 (1983). Courts holding that grand jury witnesses enjoy absolute immunity for their testimony have determined that the justifications for witness immunity identified in *Briscoe* apply equally well to grand jury witnesses.

In the case at bar, Plaintiff alleges that Defendant violated her constitutional rights by testifying falsely or with reckless disregard for the truth before a grand jury and at trial. Under the absolute immunity doctrine, Plaintiff's suit cannot be maintained where it arises from testimony given before a grand jury and a criminal trial jury. To allow Plaintiff's suit to go forward would create the very evils that the absolute immunity doctrine was designed to prevent.

Although Plaintiff's complaint did mention Defendant's investigation of her, the court finds that the gravamen of Plaintiff's complaint concerned Defendant's allegedly false grand jury and trial testimony. Plaintiff's complaint identified seven of Defendant's statements before the grand jury and characterized these statements as false testimony. Plaintiff's complaint alleges that "the Grand Jury erroneously concluded that plaintiff was guilty of the offense of false statements, and returned an indictment" because of "statements made by defendant that were false or in reckless disregard for the truth." Unlike her allegations concerning Defendant's false testimony, Plaintiff never alleged that Defendant's misconduct in her investigation of Plaintiff led to the grand jury indictment and subsequent trial. Plaintiff never pled any facts inferring or suggesting in any way that Defendant violated Plaintiff's constitutional rights by investigating her. Plaintiff did not allege or identify any wrongdoing in Defendant's investigation of her. Plaintiff merely averred that the investigation took place and claimed that it, along with Defendant's false testimony, resulted in Plaintiff's incurrence of litigation expenses, loss of wages, loss of reputation and mental pain and anguish. A federal grand jury indictment will almost always occur because some federal agency conducted a prior criminal investigation. The mere assertion that one of these investigations ultimately resulted in a grand jury indictment does not constitute an allegation of a constitutional violation necessary to support a *Bivens* action. Rather, Plaintiff must allege some conduct, occurring during the investigation, which violated Plaintiff's constitutional rights. No allegations of any such conduct have been made in this case.

Plaintiff's allegations under a *Bivens* action arise solely from Defendant's testimony before a grand jury and a criminal trial jury, and, as such, do not establish a cause of action on which relief can be granted based on the absolute immunity doctrine.

---

1. The Court noted that a witness has various ways to give an account or state an opinion. *Briscoe* at 333, 103 S.Ct. 1108. The Court explained that a witness faced with the threat of a lawsuit for his in-court statements may become inclined to "shade his testimony in favor of the potential plaintiff, to magnify uncertainties, and thus to deprive the finder of fact of candid, objective, and undistorted evidence." *Id.*

## IV. ORDER

Based on the foregoing, Defendant's Rule 12(b)(6) Motion for Dismissal of Plaintiff's *Bivens* cause of action is **GRANTED.**